IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN SHAPIRO, <br>           Plaintiff, <br><br> v. <br><br> JOY CAMPANELLI, <br>           Defendant. | No. 1:25-cv-00671-MSM-PAS |

ORDER

The Plaintiff has filed with his Complaint a Motion to Proceed In Forma Pauperis ("IFP") (ECF No. 2), which requires the Court to determine whether the Complaint states a plausible federal claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009) (plausible claim standard); 28 U.S.C. § 1915(e)(2)(B)(ii) (screening required). This Complaint does not, which precludes the granting of the IFP Motion at this time. The Plaintiff is, however, extended a thirty (30) day period, to and including January 16, 2026, in which to file an Amended Complaint to satisfy the *Iqbal* standard.

A *pro se* Plaintiff, as Mr. Shapiro is, is entitled to some latitude and not held to the same standard of pleading as an attorney might be. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Nonetheless, there are certain basic requirements of pleadings, and

this Complaint is miles away from satisfying those criteria. This Complaint, a brief document of less than one page, consists of two parts: first, there is a conclusory statement that the defendant "conspired with others, which violated Fourteenth Amendment Rights." Second, there is a paragraph alleging compliance with Fed. R. Civ. P. 11, attesting that the Complaint is made in good faith, etc.

The Court assumes that Mr. Shapiro is a layman, and provides the following guidance, with the caution that this guidance addresses basics only and there is much more that could be known about filing and proceeding with a federal lawsuit:

1. A form civil Complaint may be found on the Court's website, at https://www.uscourts.gov/forms-rules/forms/complaint-a-civil-case. There is also some guidance given there. The form itself contains certain mandatory portions of a valid Complaint: a description of the parties, a statement of individual claims for relief, and a statement of the remedies that are requested. A claim for relief must set forth in some detail *why* the defendant is liable to the plaintiff, and what facts, if true, would demonstrate that liability. A Complaint must also set forth why the federal court has jurisdiction over the case, which ordinarily would be because of the diversity of residence of the parties, 28 U.S.C. § 1332, or because a federal question (a violation of federal law or constitution) is presented. 28 U.S.C. § 1331. Without a demonstration of clear federal jurisdiction, the Court cannot entertain the lawsuit and must dismiss it.

2. Certain Rules of Federal Civil Procedure govern the Complaint, and the Court draws the Plaintiff's attention to, for example, Fed. R. Civ. P. 8(a) which requires the Complaint to include a "plain statement" of the grounds for relief. At this point, because the Plaintiff has the opportunity to file an Amended Complaint, attention is also drawn to Fed. R. Civ. P. 15, which governs Amended Complaints. The Federal Rules of Civil Procedure are available on the Court's website, in the section "Representing Yourself," behind the tab "Rules and Resources."

3. On the Court's website there is also a Civil Cover form which must be filed with the Complaint.

If the Plaintiff files an Amended Complaint, it will be reviewed pursuant to 28 U.S.C. § 1915(a). The Plaintiff has demonstrated his indigency, so if an Amended Complaint is filed that satisfies the criteria for a federal cause of action, the IFP will be GRANTED at that time. If no Amended Complaint is filed on or before January 16, 2026, or one is filed which also fails to satisfy the criteria, the case will be DISMISSED.

The Plaintiff is also invited to contact the Office of the Clerk, 401-752-7200, at any time with questions or concerns. But he is cautioned that the Clerk cannot provide legal advice and can answer only questions related to the procedures of the Court.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

December 17, 2025